Dear Ms. Pellegrin:
This office is in receipt of your request for an opinion of the Attorney General in regard to a dual officeholding question. You relate that Ms. Lacey Yesso, is currently employed full-time by DOTD (Department of Transportation and Development) on a Job Appointment, under C.S. Rule 1.18. Civil Service Rule 1.18 provides that "job appointment, means a temporary appointment of an employee for: a) work of a temporary nature, b) to substitute for another employee, or c) for projects not expected to last longer than three years." She has been offered an unclassified appointment as a Transient Employee at the LSU College of Engineering, Hazardous Substance Research Center. In the latter position she would work for five to ten hours per week and serve as lead person/mentor to undergraduates on a special engineering project which is expected to terminate mid-April, 20003.
R.S. 42:62 sets forth definitions relevant to the Dual Officeholding provisions and in Paragraph (6) provides as follows:
 The executive branch of state government includes the following named officers and all other officers, agents, employees, or other persons holding or exercising any employment with them, namely, * * * the Board of Supervisors of Louisiana State University Agricultural and Mechanical College, * * *. The executive branch shall also, include the officers, members, agents and employees of any department * * * or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation.
R.S. 42:63 sets forth in Paragraph B, "Except as otherwise provided by the Louisiana Constitution, no person holding office or employment in on branch of state government shall at the same time hold another office or employment in any other branch of state government." Paragraph E then provides, "No person holding a full-time appointive office or full-time employment in the government of this state * * * shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these."
This office recognized in Atty. Gen. Ops. 99-13 and 95-404 that employment under the DOTD constitutes employment in the executive branch of state government, an in Atty. Gen. Op. 91-94 it was observed that the executive branch includes employees with the Board of Supervisors of LSU. This places each position in question with the executive branch of government, and they would not fall within the prohibition of R.S. 42:63(B) relative to a person in one branch of state government being prohibited from employment in another branch of state government.
In Atty. Gen. Op 80-206, while finding both the Louisiana State Board of Examiners of Psychologists and the State Department of Education are in the Executive Branch, it was concluded that the Board of Education could employ on a "part-time" basis a person who holds at the same time a full time classified civil service position with the Department of Education. Whether the person holds a classified or unclassified position in the education department was not found controlling, but R.S.42:63(E) was found relevant wherein it "prohibits that person from holding another full-time, not part-time, position in state government."
Herein we find no violation of the dual officeholding statute since it is indicated that both positions are in the executive branch, and while employment with DOTD is full-time, the position with LSU would be part-time.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr
Date Released: March 14, 2003